IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRANT'S FINANCIAL PUBLISHING, INC.<br><br>    Plaintiff,<br><br>v.<br><br>SUN LIFE FINANCIAL INC., SUN LIFE ASSURANCE COMPANY OF CANADA (U.S.), AND MCLEAN BUDDEN LIMITED<br><br>    Defendants. | Civil Action No.  05 CV 4791 RPP |

**ANSWER AND COUNTERCLAIM OF SUN LIFE FINANCIAL INC.
AND SUN LIFE ASSURANCE COMPANY OF CANADA (U.S.)**

Defendants Sun Life Financial Inc. and Sun Life Assurance Company of Canada (U.S.) (collectively "Sun Life") respond to the Complaint of Plaintiff Grant's Financial Publishing, Inc. ("Grant's") as follows:

## NATURE OF THE ACTION

1.    Sun Life denies the allegations set forth in paragraph 1 of the Complaint.

## THE PARTIES

2.    Sun Life is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, and therefore, denies same.

3.    Sun Life denies the allegations set forth in paragraph 3 of the Complaint.

(a)    Sun Life denies the allegations set forth in paragraph 3a of the Complaint.

(b)    Sun Life denies the allegations set forth in paragraph 3b of the Complaint.

(c)    Sun Life denies the allegations set forth in paragraph 3c of the Complaint.

## JURISDICTION AND VENUE

4. Sun Life denies the allegations set forth in paragraph 4 of the Complaint.

## ALLEGED WRONGFUL CONDUCT

5. Sun Life denies the allegations set forth in paragraph 5 of the Complaint.

6. Sun Life admits that certain Sun Life employees have downloaded electronic copies of the *Grant's Interest Rate Observer* pursuant to a subscription, but is without knowledge or information sufficient to form a belief to form a truth of the remaining allegations set forth in paragraph 6 of Grant's Complaint, and therefore, denies same.

7. Sun Life is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint, and therefore, denies same.

8. Sun Life denies the allegations set forth in paragraph 8 of the Complaint.

9. Sun Life is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and therefore, denies same.

10. Sun Life denies the allegations set forth in paragraph 10 of the Complaint. Answering further, to the extent that paragraph 10 of Grant's Complaint purports to quote from a document, Sun Life states that the document speaks for itself and, therefore, further denies that portion of the allegation set forth in paragraph 10 of Grant's Complaint.

11. Sun Life denies the allegations set forth in paragraph 11 of the Complaint. Answering further, to the extent that paragraph 11 of Grant's Complaint purports to quote from a document, Sun Life states that the document speaks for itself and, therefore, further denies that portion of the allegation set forth in paragraph 11 of Grant's Complaint.

12. Sun Life denies the allegations set forth in paragraph 12 of the Complaint.

Answering further, to the extent that paragraph 12 of Grant's Complaint purports to quote from a document, Sun Life states that the document speaks for itself and, therefore, further denies that portion of the allegation set forth in paragraph 12 of Grant's Complaint.

13. Sun Life denies the allegations set forth in paragraph 13 of the Complaint.

14. Sun Life denies the allegations set forth in paragraph 14 of the Complaint. Answering further, to the extent that paragraph 14 of Grant's Complaint purports to quote from a document, Sun Life states that the document speaks for itself and, therefore, further denies that portion of the allegation set forth in paragraph 14 of Grant's Complaint.

15. Sun Life denies the allegations set forth in paragraph 15 of the Complaint.

### ALTERNATIVE ALLEGATION REGARDING INFRINGEMENT LAW

16. Sun Life denies the allegations set forth in paragraph 16 of the Complaint.

### ALTERNATIVE ALLEGATION REGARDING JOINT LIABILITY

17. Sun Life denies the allegations set forth in paragraph 17 of the Complaint.

### FIRST CAUSE OF ACTION: COPYRIGHT INFRINGEMENT

18. Sun Life denies the allegations set forth in paragraph 18 of the Complaint.

19. Sun Life denies the allegations set forth in paragraph 19 of the Complaint.

20. Sun Life denies the allegations set forth in paragraph 20 of the Complaint.

Sun Life denies that Grant's is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by unclean hands.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by Grant's breach of the implied covenant of good faith and fair dealing.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of fair use.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of innocent infringement.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Grant's has failed to take minimum steps necessary to prevent electronic copying.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Grant's learned of any purported copying through unlawful means.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, under 17 U.S.C. § 507(b) which prevents recovery for any claims arising more than three years prior to the commencement of this action.

## RELIEF REQUESTED

**WHEREFORE**, Sun Life requests that this Court:

A.  Enter judgment in favor of Sun Life on all counts of the Complaint;

B.  Deny Grant's request for actual, statutory and/or enhanced damages;

C.  Award Sun Life its damages, interests, costs, and attorney fees; and

D.  Award Sun Life such other relief as this Court deems just.

## JURY DEMAND

Sun Life demands a trial by jury on all counts of the Complaint so triable.

## COUNTERCLAIM OF SUN LIFE FINANCIAL INC. AND SUN LIFE ASSURANCE COMPANY OF CANADA (U.S.)

Defendants Sun Life Financial Inc. and Sun Life Assurance Company of Canada (U.S.) (collectively "Sun Life") assert the following Counterclaim against Plaintiff Grant's Financial Publishing Inc. ("Grants"):

## THE PARTIES

1.  Sun Life Financial Inc. is a financial services firm incorporated under the laws of Canada with corporate headquarters at 150 King Street West, Toronto, Ontario, Canada M5H 1J9.

2.  Sun Life Assurance Company of Canada (U.S.) is a Delaware corporation headquartered at 1 Sun Life Executive Park, Wellesley Hills, Massachusetts 02481.

3.  Upon information and belief, Grant's is a business incorporated in New York and located at 2 Wall Street, New York, New York 10005.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction under 28 U.S.C. § 1367. Grant's is a business headquartered and incorporated in New York and is subject to personal jurisdiction here. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS COMMON TO ALL COUNTS

5. Grant's publishes *Grant's Interest Rate Observer* ("the Newsletter"). Grant's makes the Newsletter available electronically to subscribers.

6. Prior to permitting electronic access by a subscriber to the Newsletter, Grant's installs software ("the Software") on the subscriber's computer.

7. The Software is used by Grant's to monitor the subscriber's access and use of electronic copies of the Newsletter.

8. The Software is used by Grant's to monitor the subscriber's electronic communications.

9. The Software is installed on the subscriber's computer with no or insufficient notification to the subscriber as to the use, purpose and functionality of the Software.

10. The Software was installed on computers owned by Sun Life and used by Sun Life employees.

11. Grant's used the Software to monitor the access and use of electronic copies of the Newsletter by Sun Life employees.

12. Grant's used the software to monitor the electronic communications of Sun Life employees.

13. The Sun Life employees were unaware that the Software was monitoring their access and use of the Newsletter or their electronic communications.

14. Grant's did not inform the Sun Life employees as to the full use, purpose and functionality of the Software.

15. The Software is capable of preventing unwanted copies of the Newsletter from being created, however, Grant's did not activate that feature of the Software.

## COUNT I
### (New York Deceptive Acts and Trade Practices)

16. Sun Life repeats and realleges the allegations contained in the above paragraphs.

17. GBL § 349 makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any services in [New York]."

18. By engaging in the acts and practices described above, Grant's engaged in deceptive business practices in violation of GBL § 349.

## COUNT II
### (Massachusetts Deceptive Acts and Trade Practices)

19. Sun Life repeats and realleges the allegations contained in the above paragraphs.

20. By engaging in the acts and practices described above, Grant's has engaged in deceptive business practices in violation of M.G.L. ch. 93A.

## COUNT III
### (False Advertising)

21. Sun Life repeats and realleges the allegations contained in the above paragraphs.

22. GBL § 350 makes unlawful "false advertising in the conduct of any business,

trade, or commerce or in the furnishing of any service in [New York]."

23. By engaging in the acts and practices described above, Grant's has engaged in false advertising in violation of GBL § 350.

## COUNT IV
### (Trespass to Chattels)

24. Sun Life repeats and realleges the allegations contained in the above paragraphs.

25. New York and Massachusetts common law prohibit the intentional intermeddling with a chattel, including a computer, in possession of another that results in the deprivation of the use of the chattel or impairment of the condition, quality, or usefulness of the chattel. By engaging in the acts and practices described above, Grant's has engaged in trespass to chattels belonging to Sun Life in violation of New York and Massachusetts common law.

## COUNT V
### (Violation of the Electronic Communications Privacy Act)

26. Sun Life repeats and realleges the allegations contained in the above paragraph.

27. 18 U.S.C. § 2511 states that "any person who – (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication . . . shall be punished."

28. 18 U.S.C. § 2520(a) states that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation such relief as may appropriate."

29. By engaging in the acts and practices described above, Grant's has violated 18 U.S.C. § 2511 and such violation has resulted in damage to Sun Life.

**WHEREFORE**, Sun Life requests that this Court grant relief pursuant to New York General Business Law § 349 and 350, Massachusetts General Laws Chapter 93A, New York and Massachusetts common law, and the Electronic Communication Privacy Act, against Grant's by issuing an order and judgment as follows:

A. Enter judgment in favor of Sun Life on all counts of the Counterclaim;

B. Permanently enjoin Grant's from using the Software on any Sun Life computers;

C. Permanently enjoin Grant's from monitoring any electronic or other communications by Sun Life or Sun Life employees;

D. Award Sun Life damages, including treble damages, interests, costs, and attorney fees; and

E. Award Sun Life such other relief and this Court deems just.

## JURY DEMAND

Sun Life demands a trial by jury on all counts of the Counterclaim so triable.

Respectfully Submitted,                    SUN LIFE FINANCIAL INC. and
                                           SUN LIFE ASSURANCE COMPANY OF
                                           CANADA (U.S.)

                                           By its attorneys,

                                           /s/ Michael A. Albert
Dated: August 17, 2005                     Michael A. Albert, *admitted pro hac vice*
                                           Ilan N. Barzilay, *admitted pro hac vice*
                                           WOLF, GREENFIELD & SACKS, P.C.
                                           600 Atlantic Avenue
                                           Boston, Massachusetts 02210
                                           617.646.8000 phone
                                           617.720.2441 fax